UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SHERRI CHIFFON ROWDEN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-325-G |
| | ) |
| **KILOLO KIJAKAZI,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| Defendant.[1] | ) |

## ORDER

Now before the Court is Plaintiff Sherri Chiffon Rowden's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 29), filed through Plaintiff's counsel Melissa Hedrick.

On August 14, 2018, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA"), which had denied Plaintiff's application for disability insurance benefits ("DIB"), and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 22) at 1. On remand, the Social Security Administration issued a favorable decision on Plaintiff's DIB application and found that Plaintiff was entitled to past-due benefits of approximately $71,652.52. *See* Pl.'s Mot. Att'y Fees at 2-3; SSA Letter, *id.* Ex. 2 (Doc. No. 29-2) at 1. The SSA Letter states that Plaintiff is entitled to past-due benefits and indicates that 25 percent, or $17,913.13, of those past-due benefits is being withheld to be

---

[1] The Acting Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

applied toward her attorney's fees for work done at the administrative level and in this action. *See* Pl.'s Mot. Att'y Fees Ex. 2, at 2-3; SSA Letter at 1.

Subsection 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Any such payment must be made "out of, and not in addition to," the past-due benefits owed to the claimant. *Id.* This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For a fee request that lies within this boundary, "the attorney for the successful claimant" still "must show that the fee sought is reasonable for the services rendered." *Id.*

In her Motion, Plaintiff's counsel requests a fee award of $16,366.33, which is less than the 25 percent of Plaintiff's total past-due benefits stipulated in the fee agreement between Plaintiff and Plaintiff's counsel. *See* Pl.'s Mot. Att'y Fees at 4-5; *id.* Ex. 1 (Doc. No. 29-1) at 1. The Commissioner has responded that he has no objection to Plaintiff's counsel's request. *See* Def.'s Resp. (Doc. No. 30) at 1-2. The Commissioner correctly notes, however, that the Court previously awarded $4453.20 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and that if fees are now awarded pursuant to § 406(b) Plaintiff's counsel must refund the lesser EAJA award to

Plaintiff. *See id.* at 2; Order of May 24, 2019 (Doc. No. 26) at 1-2; *McGraw v. Barnhart*, 450 F.3d 493, 497 & n.2 (10th Cir. 2006).

Having carefully reviewed the parties' submissions, the Court finds that an award of $16,366.33, which the SSA Letter reflects is less than 25% of the past-due benefit award, is a reasonable fee award for the work performed in this case in view of the contingent nature of the representation, the applicable attorney-fee agreement, and the results achieved. While before the Court, Ms. Hedrick filed a detailed opening brief, presenting a well-supported argument that the administrative law judge erred in denying Plaintiff's DIB claim. *See* Doc. No. 16. The Commissioner filed a brief in opposition, which Ms. Hedrick was required to review. *See* Doc. No. 19; Pl.'s Mot. Att'y Fees Ex. 3 (Doc. No. 29-3) at 2.

Ms. Hedrick represents that she spent 21.6 hours litigating Plaintiff's disability case in federal court (as well as 1.8 hours of paralegal time), which would result in an effective hourly rate of $757.70 with respect to the relevant portion of the requested § 406(b) fee. *See* Pl.'s Mot. Att'y Fees at 9-14; *id.* Ex. 3, at 2-3; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b) but noting that the district court may consider the hours spent and other factors in contingency-fee cases to help assess "the reasonableness of the fee yielded by the fee agreement"); *cf. Harlan v. Colvin*, No. CIV-13-477-D, 2015 WL 9295809, at *1 (W.D. Okla. Dec. 18, 2015) (awarding $17,429.22 where the putative rate was between $517.95 and $632.64 per hour). While a large sum, Plaintiff's past-due benefit award was likewise significant. Plaintiff and Ms. Hedrick agreed that the latter may collect attorney's fees for representation before the Court in the amount of the currently pending request, and the Court finds the unopposed

3

request reasonable under the circumstances of this case. *See* Pl.'s Mot. Att'y Fees Ex. 1, at 1; *cf. Boatman v. Astrue*, No. CIV-12-184-M (W.D. Okla. Sept. 3, 2015) (order approving § 406(b) award where putative rate was approximately $788.64 per hour).

Accordingly, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) (Doc. No. 29) is GRANTED. Plaintiff's attorney Melissa Hedrick is awarded attorney's fees in the amount of $16,366.33, to be paid out of the past-due benefits Plaintiff received by reason of the remand and favorable decision in this case. *See* 42 U.S.C. § 406(b)(1)(A). The Social Security Administration shall pay this amount directly to: Melissa Hedrick, Hedrick Law Firm, 630 NE 63rd Street, Oklahoma City, Oklahoma 73105. Upon payment, Ms. Hedrick shall promptly refund to Plaintiff the $4453.20 previously awarded under 28 U.S.C. § 2412. *See* Order of May 24, 2019, at 1; *McGraw*, 450 F.3d at 497 & n.2.

IT IS SO ORDERED this 15th day of December, 2021.

_____
CHARLES B. GOODWIN
United States District Judge